UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH ALEXANDER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-2226 |
| v. | : | (JUDGE MANNION) |
| THOMAS MCGINLEY, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. BACKGROUND

Plaintiff, Keith Alexander, an inmate confined at the State Correctional Institution, Coal Township ("SCI-Coal Township"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The action proceeds via an amended complaint. (Doc. 50). The named Defendants are the following SCI-Coal Township employees: Thomas McGinley, Superintendent; Kathy Biscoe, Unit Manager; and Justin Agusta and Lindsay Nye, SCI-Coal Township commissary staff workers. Id. Plaintiff seeks compensatory and punitive damages for an incident that occurred on August 14, 2020, when another inmate pushed a laundry cart into Plaintiff, resulting in his "left ankle require[ing] 50 stitches" and his "right ankle require[ing] 17 stitches. Id.

Presently before the Court is Defendants' motion to dismiss Plaintiff's amended complaint. (Doc. 63). The motion is fully briefed and is ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion to dismiss.

## II. ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff's amended complaint states in toto:

On August 14, 2020, Defendant Biscoe gave me a direct order to go to the commissary, pick it up and push it back to the Unit so it could be passed out to the men. I am required to follow the last order given me. An order is when an inmate is told to do something by a staff member. If an inmate refuses to what a prison staff tells him to do, he is subject to misconduct and a sanction by the prison's hearing examiner when found guilty. Defendant Biscoe did not give me any instructions other than to [go to] the commissary and push the cart with the commissary back to DA Unit. She did not tell another inmate to go with me and assist with pushing the cart. She did not tell me how I was supposed to navigate the cart because I could not see over it, she did not warn me that at the bottom of the cart there was a sharp metal bar protruding from underneath the cart that was not covered to keep an inmate from being sliced and seriously injured, she did not provide me with protective boots, and she did not supervise or escort down to the commissary where the cart was located. After picking up the cart [Plaintiff] commenced to pushing it and yelling for anyone who was in front of me I could not see to move from in front of the cart. Due to Defendant Biscoe's gross negligence and difference the blade in front of and at the bottom of the cart sliced [Plaintiff's] achilles tendons inflicting excruciating pain and physical and mental anguish. My left ankle required 50 stitches, my right ankle required 17 stitches and have been confined to a wheelchair since being inured surely due to Defendant Biscoe's gross negligence, deliberence

...

> and callous disregard. [Plaintiff] use to exercise, jump rope and play sports [and] now can do none of the above. The actions of Defendant Biscoe violated [Plaintiff's] Eighth and Fourteenth Amendment Rights under the United States Constitution. After [his] injury, Defendants together and in concert had the metal plate that injured Plaintiff moved in a different area of the cart so it could not longer injure people who got ran into by another inmate who was behind them pushing another cart. The changing of the metal in front of the cart where Defendants knew or should have known would injure someone is an admittance they knew the metal in front of the carts could injure a prisoner, but they put the cost of fixing the problem about Plaintiff being injured.

(Doc. 50 at 3-4).

Plaintiff filed the instant action, claiming Defendants were "grossly negligent and deliberately to Plaintiff's care and treatment and their callous disregard caused Plaintiff to be injured." Id. at 4. He claims that Defendant, Superintendent McGinley "is responsible for Plaintiff's safety" and "knew or should have known that no staff supervised or escorted inmates when they are ordered to go to commissary get laundry cards then push them loaded with inmate food items back to their housing units." Id. He further alleges that "all of the Defendants knew or should have known there was metal protruding from the front of the laundry carts used to transport inmate commissary, yet Plaintiff was not informed of this, not provided with protective boots and no staff member went with him when he pushed the cart from the commissary."

Id. For relief, Plaintiff seeks compensatory and punitive damages, as well as to be "transferred to SCI-Phoenix." Id.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show

that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension

Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of *pro se* prisoner litigation, the court must be mindful that a document filed *pro se* is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## B. Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. §1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state

actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## IV. Discussion

Defendants seek dismissal, claiming Alexander failed to establish a violation of the Eighth Amendment. (Doc. 20, pp. 4-6). The Eighth Amendment protects prison inmates from cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has

been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

Moreover, an Eighth Amendment violation premised upon a failure to protect an inmate from a dangerous physical condition inside a prison, must provide that in this setting:

> Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." A defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." Negligence does not satisfy the "deliberate indifference" standard, and it is not enough to show that a prison guard merely failed to act reasonably. Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. Prison officials cannot be expected to eliminate the possibility of all dangers. Thus, the right to reasonable protection does not include the right to protection from random acts.

Barrand v. Donahue, No. 06–694, 2006 WL 2982051, *2 (N.D.Ind.Oct.16, 2006) (citations omitted).

Alexander has not established that Defendants were deliberately indifferent to his health or safety. He alleges that Defendant Biscoe told him to bring the commissary carts back, despite the size/sharp objects on the carts. However, there is nothing in the Amended Complaint suggesting that Defendant Biscoe, or any of the Defendants, were actually aware of any problems with the carts, let alone aware of any danger that another inmate would hit Alexander with a cart. At best, Alexander has established that the Defendants were negligent by allowing him and other inmates to push the carts in this manner, but it cannot be said that such a decision was deliberately indifferent, since Alexander provides no information showing that the Defendants actually knew about any problems with the carts or with allowing the inmates to push the carts prior to Alexander being injured.

Thus, the Plaintiff failed to establish that the deprivation alleged was objectively, sufficiently serious, and that Defendants acted with deliberate indifference to an excessive risk to his health and/or safety as required by Farmer. Consequently, the Court will grant Defendants' motion to dismiss Plaintiff's Eighth Amendment complaint.

Moreover, to the extent that Plaintiff claims that each Defendants was negligent in their duty to protect him from hazardous conditions, such a claim is insufficient to state a claim under the Eighth Amendment. See Farmer, 511 U.S. at 835. See also Daniels v. Williams, 474 U.S. 327, 331–32, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (confirming that negligent acts of officials which cause unintended loss or injury do not rise to a constitutional level).

Finally, with respect to Plaintiff's request to be transferred to SCI-Phoenix, it is well-established that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert. denied, 429 U.S. 846 (1976). Simply put, as a legal matter, Plaintiff has no constitutional right to choose his prison. Thus, Defendants' motion to dismiss will be granted.

## V. LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must

permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

In the instant case, the Court concludes that it would be futile to permit Plaintiff to file a second amended complaint because he has already been granted an opportunity to cure the deficiencies identified in his initial complaint and his amended complaint failed to cure such deficiencies. See Jones v. Unknown DOC Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that when an inmate-plaintiff "has already had two chances to tell his story ... giving him further leave to amend would be futile").

To the extent that Plaintiff filed a motion for leave to file an "amended supplemental pleading," (Doc. 80), the allegations contained in the "supplemental pleading" relate to a misconduct Plaintiff received on March 21, 2022 and a subsequent cell search on March 24, 2022. Id. These allegations, against additional Defendants, not named in the instant action, postdate the initial August 14, 2020 incident date by almost two years and do not relate back to the initial incident.[1] Thus, the Court views Plaintiff's

---

[1] To establish that a claim relates back, the Plaintiff must show that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Fed.R.Civ.P.15(c)(2). Additionally, when an "amendment changes the party or the naming of the party against whom a claim is asserted," the party to be brought in by amendment (1) "must have
(footnote continued on next page)

"supplemental pleading" as a new complaint. Accordingly, Plaintiff's motion for leave to file a supplemental pleading will be denied without prejudice to Plaintiff filing a new action.

## V. CONCLUSION

For the reasons set forth above, the Court will grant Defendants' motion to dismiss Plaintiff's amended complaint. (Doc. 63). Plaintiff's motion for leave to file amended supplemental pleading (Doc. 80) will be denied.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 27, 2022**
20-2226-01

---

received notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits"; and (2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed.R.Civ.P.15(c)(3).